UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ASHER WORLDWIDE ENTERPRISES LLC, d/b/a , RELIABUY.COM<br><br>Plaintiff,<br><br>v.<br><br>HOUSEWARESONLY.COM INCORPORATED, STUART N. RUBIN and MARCIA RUBIN<br><br>Defendants. | Cause No. 1:12−cv−00568<br><br>FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN<br><br>JURY TRIAL DEMANDED |

Plaintiff Asher Worldwide Enterprises LLC ("AWE"), d/b/a Reliabuy.Com complains of Defendants as follows:

**PARTIES**

1. AWE is a limited liability corporation formed under the laws of the State of Arizona having a principal place of business in Scottsdale, Arizona.

2. Defendant Stuart N. Rubin ("Mr. Rubin") is an individual residing in this District at Wilmette, Illinois.

3. Defendant Marcia N. Rubin ("Ms. Rubin") is an individual residing in this District at Wilmette, Illinois.

4. Housewaresonly.com Incorporated ("Housewaresonly.com") is an Illinois Corporation with a principle place of business in Wilmette, Illinois.

1

5. Defendant Housewaresonly.com is engaged in the business of operating websites though which various types of commercial and home kitchen and restaurant equipment are offered and sold to purchasers and potential customers throughout the United States, the State of Illinois and in this district.

6. Defendant Housewaresonly.com also engages in business under the assumed name RestaurantKitchenWarehouse.com and operates a second website, restaurantkitchenwarehouse.com that is engaged in the Internet based business of promoting and providing discount commercial restaurant supplies and equipment to purchasers and potential customers nationwide. RestaurantKitchenWarehouse.com's principal place of business is in Wilmette, Illinois.

7. Defendants Mr. Rubin and Ms. Rubin direct and control the operations and activities of RestaurantKitchenWarehouse.com and Housewaresonly.com and are responsible for the activities of RestaurantKitchenWarehouse.com and Housewaresonly.com complained of herein.

**JURISDICTION AND VENUE**

8. This is an action for copyright infringement under 17 U.S.C. §501 et seq., federal false designation of origin, unfair competition and unfair business practices arising under the Lanham Act, 15 U.S.C. § 1051 et seq.

9. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501(a) and 28 U.S.C. § 1331.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 because the Defendants conduct business within this judicial district, and they or their agents or affiliates can be found in this judicial district. Acts giving rise to this complaint occurred within this judicial district.

**FACTS**

11. AWE is the owner and operator of an Internet website known as "Reliabuy.com" AWE has operated the website since at least as early as October 2008 and has operated it continuously since then.

12. The "Reliabuy.Com" website promotes and provides discount commercial kitchen and restaurant equipment to purchasers and potential customers throughout the United States. The "Reliabuy.com" website contains product listings for hundreds of types of machines, appliances and other devices used in both commercial and home kitchens, restaurants and other such facilities

13. In the course of creating and operating its "Reliabuy.com" website, AWE, and/or others acting on its behalf, created, wrote and developed many of the descriptions, product feature listings and other promotional materials that appear on the site and that accompany the various products that are listed for sale on the "Reliabuy.com" site. Such descriptions, product feature listings and other promotional materials constitute original works of authorship for which AWE has and claims copyright. Such descriptions, product feature listings and other promotional materials constitute valuable intellectual property assets of AWE and are important to the operation and success of its "Reliabuy.com" website.

14. AWE has applied for registration of various ones of its descriptions, product feature listings and other promotional materials with the United States Copyright Office. True and correct copies of the copyright registration applications AWE has filed with the Untied States Copyright Office are attached as Exhibit A.

15. Defendant Housewaresonly.com operates a website accessible by and available to users throughout the United States including in this District. The Housewaresonly.com website features and makes available for purchase various restaurant, kitchen and other appliances in direct competition with AWE and its Reliabuy.com site.

16. Through the Housewaresonly.com website, Defendants Housewaresonly.com, Mr. Rubin and Ms. Rubin have, without the authorization or permission of AWE, copied and duplicated many of the descriptions, product feature listings and other promotional materials

created by AWE or on its behalf and that are the subjects of the copyright registrations filed by AWE. True and correct copies of the descriptions, product feature listings and other promotional materials used by Housewaresonly.com and that duplicate the copyrighted works of AWE are attached as Exhibit B.

17. The RestaurantKitchenWarehouse.com website operated by Defendants Housewaresonly.com, Mr. Rubin and Ms. Rubin is a website accessible by and available to users throughout the United States including in this District. The RestaurantKitchenWarehouse.com website features and makes available for purchase various restaurant, kitchen and other appliances in direct competition with AWE and its Reliabuy.com site.

18. Through the RestaurantKitchenWarehouse.com website, Defendants Housewaresonly.com, Mr. Rubin and Ms. Rubin have, without the authorization or permission of AWE, copied and duplicated many of the descriptions, product feature listings and other promotional materials created by AWE or on its behalf and that are the subjects of the copyright registrations filed by AWE. True and correct copies of the descriptions, product feature listings and other promotional materials used at the RestaurantKitchenWarehouse.com website and that duplicate the copyrighted works of AWE are attached as Exhibit C.

19. Defendants Mr. Rubin and Ms. Rubin direct and control the operations of Defendants Housewaresonly.com, and RestaurantKitchenWarehouse.com. In particular, Mr. Rubin is believed to be the owner and president of Defendants Housewaresonly.com, and RestaurantKitchenWarehouse.com, while Ms. Rubin serves at least as the registered agent for Defendants Housewaresonly.com, and RestaurantKitchenWarehouse.com.

20. Defendant Housewaresonly.com, is the alter egos of Defendants Mr. Rubin and Ms. Rubin and is under the direct control of Mr. Rubin and Ms. Rubin.

21. Defendants Housewaresonly.com, Mr. Rubin and Ms. Rubin have attempted to capitalize on Reliabuy's long-standing reputation by using Reliabuy's tradename on its website without permission. Attached as Exhibit D are true and correct copies of materials

4

published on the Housewaresonly.com website that suggest that Housewaresonly.com owns, is associated with or is otherwise related to Reliabuy.com.

22. Attached as Exhibits G and H are true and correct copies of materials downloaded from the Internet showing that when consumers search Google for the term "Reliabuy" the results pages prominently display Housewaresonly.com website pages and links.

23. Defendant Housewaresonly.com has engaged in the organized and systematic cloning of new products and product descriptions from the Reliabuy.com website on at least 3 separate occasions. Specifically, between October 29, 2009 and January 27, 2010, Reliabuy.com published sixty-five original product listings with descriptions on the Reliabuy.com website. Between March 17, 2010 and July 17, 2010, Defendant Housewaresonly.com copied and published forty-seven of these sixty-five products on their Housewaresonly.com website without permission or other authorization from Reliabuy. On August 11, 2010, Reliabuy published an additional twenty-five product descriptions on its website and on September 22, 2010, Defendant Housewaresonly.com copied and published all twenty-five of these product descriptions on their website without permission. Between September 9, 2010, Reliabuy.com published one-hundred-thirty-nine additional product descriptions on the Reliabuy.com website and by October 22, 2010, Housewaresonly.com copied seventy-five of these one-hundred-thirty-nine product descriptions and published them on their website without permission or other authorization. Another one-thousand products were uploaded to the Reliabuy.com website between October 1, 2008 and October 28, 2009 and Defendant Housewaresonly.com copied and published over one-hundred-fifty of these product descriptions on their website between March 17, 2010 and July 17, 2010.

24. Attached as Exhibit I is a list of products uploaded to the Reliabuy.com website along with upload dates and notation of each description copied without permission and published on the Housewaresonly.com site.

25. Defendant Housewaresonly.com, under the direction and control of Defendants Mr. Rubin and Ms. Rubin, created an additional website on September 22, 2010 called

5

"RestaurantKitchenWarehouse.com." Prior to September, 2010, the Reliabuy.com website focused on general consumer goods. In September, 2010 the Reliabuy.com website was redesigned to focus specifically on the 'Commercial Discount Restaurant Equipment' niche, and the Metatag of the entire Reliabuy.com website was changed from "The Reliable Way to Shop Online" to "Discount Commercial Kitchen & Restaurant Equipment." On September 22, 2010, shortly after AWE made this change to the Reliabuy.com website, Defendants registered a website domain entitled "RestaurantKitchenWarehouse.com" to address the very same Commercial Discount Restaurant Equipment niche and copied over two-hundred product descriptions created and owned by AWE and published at the Reliabuy.com website.

## CAUSES OF ACTION

### COUNT I

### COPYRIGHT INFRINGEMENT

26. AWE incorporates the allegations made in paragraphs 1-25 as if fully set forth herein.

27. Defendants have willfully committed copyright infringement under 17 U.S.C. § 501 et. seq., directly, by inducement, or by way of contributory liability, by knowingly aiding, causing, or committing, the unauthorized practice or execution of one or more exclusive rights owned by AWE. set forth in 17 U.S.C. § 106, said exclusive rights having been perfected by U.S. Copyright Service Requests as identified in Attached Exhibit A.

### COUNT II

### VIOLATIONS OF THE LANHAM ACT

28. AWE incorporates the allegations made in paragraphs 1-25 as if fully set forth herein.

29. Defendants' unauthorized use of AWE's copyrighted materials and their reproduction and emulation of AWE's Reliabuy.com website are intended to cause confusion, mistake or to deceive consumers as to the source of origin of their products. Defendants' actions are likely to cause member of the public who search for the Reliabuy.com website

and, as a result find or see the Housewaresonly.com or RestaurantKitchenWarehouse.com websites, to believe that the Housewaresonly.com and RestaurantKitchenWarehouse.com websites have an affiliation, connection, association, origin, sponsorship of Reliabuy.com or vice versa. Defendants' actions constitute a false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1).

30. AWE has been and will continue to be irreparably harmed by Defendants' actions unless Defendants are enjoined from continuing their unauthorized use of AWE's copyrighted and other materials and from falsely representing the actual origin of their goods and services.

31. AWE is entitled to recover all of Defendants' profits, damages sustained by AWE and the costs of this action that result from Defendants' use of AWE's materials as well as trebling of these damages and an award of reasonable attorney's fees pursuant to 15. U.S.C. § 1117(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Asher Worldwide Enterprises LLC, prays for the following relief:

A. An order entering judgment in favor of AWE and awarding damages to AWE in the amount of AWE's actual damages and any profits of the Defendants attributable to the infringing acts alleged herein, consistent with 17 U.S.C. § 504(a)(1), or, at its election, an award of statutory damages consistent with 17 U.S.C. § 504(a)(2).

B. An order entering judgment in favor of AWE and enjoining any further acts of infringement of the copyrights owned or controlled by AWE and further ordering the destruction of all articles used (such as master disks or data models) in the acts of infringement, consistent with remedies available under 17 U.S.C. § 503 and 15 U.S.C. § 1118.

C. An award of full costs and reasonable attorney's fees against Defendants and in favor of AWE pursuant to 17 U.S.C. § 505.

D. Such other further relief the Court may deem just and proper.

## **JURY DEMAND**

Asher Worldwide Enterprises LLC demands a trial by jury on all issues presented in this Complaint.

Dated this 12th day of October, 2012.

        Respectfully submitted,

        */s/ Philip P. Mann*
        Philip P. Mann, WSBA No: 28860
        **MANN LAW GROUP**
        1218 Third Avenue, Suite 1809
        Seattle, Washington 98101
        (206) 436-0900
        Fax (866) 341-5140
        *phil@mannlawgroup.com*

        Andrew Theodore Staes
        Stephen David Scallan
        **STAES & SCALLAN, P.C.**
        111 W. Washington, Suite 1631
        Chicago, IL 60602
        Tel: 312-201-8969
        andrewstaes@covad.net
        stevescallan@covad.net

        Attorneys for Plaintiff Asher Worldwide Enterprises LLC

**Certificate of Service**

   I hereby certify that on the date noted below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Dated: October 12, 2012          */s/ Anne K. Smart*