UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHER WORLDWIDE ENTERPRISES ) <br> LLC, d/b/a, RELIABUY.COM ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> HOUSEWARESONLY.COM ) <br> INCORPORATED, STUART N. RUBIN and ) <br> MARCIA RUBIN ) <br>     Defendants. ) | Cause No. 12 cv 00568 <br><br> Judge Thomas M. Durkin |

**DEFENDANTS STUART AND MARCIA RUBIN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**

Defendants Stuart and Marcia Rubin, by and though their attorneys Jeffrey Strange & Associates, move this Court for an order dismissing the First Amended Complaint of plaintiff Asher Worldwide Enterprises, LLC ("AWE") as against them individually for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.    Background.**

At all times relevant to the case at bar, defendant Housewaresonly.com Inc. ("Housewaresonly.com") was a privately held direct marketing company which, from June 2010, was engaged in the internet based business (housewaresonly.com ) of promoting and providing discount homeware and houseware products including appliances, bed and bath items, collectibles, electronics, game room, housewares, kitchen and dining products and from March 2011, commercial restaurant supplies and equipment (restaurantkitchewarehouse.com), to purchasers and potential customers

nationwide. In short, Housewaresonly.com was an online competitor to AWE's "reliabuy.com". AWE has filed a two count "First Amended Complaint" for copyright infringement and violations of the Lanham Act against defendant Housewaresonly.com and Stuart and Marcia Rubin, individually. AWE alleges that Housewaresonly.com infringed on AWE's copyrighted online product descriptions "and other materials". For the reasons set forth below, AWE has failed to plead the requisite "special showing" in its amended complaint and therefore its infringement claim against Stuart and Marcia should be dismissed for failure to state a cause of action under Rule 12(b)(6).

## II. Legal Standard for Rule 12(b)(6) Motion to Dismiss.

In ruling on a motion to dismiss, a court must "take all of the factual allegations in the complaint as true" and make reasonable inferences in favor of the plaintiff. *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)). To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the plaintiff must do more in the complaint than simply recite elements of a claim; the "complaint must contain *sufficient factual matter* accepted as true, to state a claim to relief that is plausible on its face." *Zellner*, 639 F.3d at 378(quoting *Iqbal*, 129 S.Ct. at 1949). (emphasis added). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 at 1949. A complaint need not set forth "detailed factual allegations" but it must plead facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). As such, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129

S.Ct. at 1949(quoting *Bell Atl. Corp.*, 550 U.S. at 555).

### III.  Plaintiff fails to State a Claim Against Stuart and Marcia Rubin in Their Individual Capacity.

As a general rule, corporate officers are not held personally liable for the infringement by their corporation when they are acting within the scope of their duties. *Dangler v. Imperial March., Co.*, 11 F2d 945, 947 (7th Cir. 1926). The Seventh Circuit in the seminal *Dangler* case has long held that absent some "special showing," individuals are not ordinarily liable for the infringement of their corporation, even where that infringement is committed under the officer's *general* direction.[1] *Id*. (emphasis added). A plaintiff must allege facts demonstrating that the defendants were motivated by some improper purpose or acting outside the scope of their duties to meet the "special showing" standard. *Id*. *Dangler* provides that for individual liability there must be involvement "willfully and knowingly-that is, when [the individual] personally participates in the manufacture or sale of the infringing article (acts other than an officer), *or* when he uses the corporation as an instrument to carry out his own willful and deliberate infringements, *or* when he knowing uses an irresponsible corporation with the purpose of avoiding liability-that officers are held jointly with the company." *Drink Group, Inc. v. Gulfstream Communications, Inc*. 7 F.Supp.2d 1009,1010 (N.D.Ill.2009)(quoting *Dangler*, 11 F.2d at 1947). (emphasis added).  Thus, to satisfy the required "special showing" of willful and personal involvement, plaintiff must plead with supporting facts that an officer was personally involved in the infringement outside of his general duties as an officer of the

---

[1] Although *Dangler* involved patent infringement, courts in this district have held that the same approach to holding officers personally liable for patent infringement should apply to trademark and copyright infringement. *See e.g. Drink Group, Inc. v. Gulfstream Communications, Inc*. 7 F.Supp.2d 1009, n. 3 (N.D.Ill.2009)(trademark infringement); *FM Industries, Inc. v. Citicorp Credit Services, Inc*., 2007 WL 4335264 (Dec. 5, 2007)(copyright infringement).

corporation. However, the required "special showing" is not met "when the individual defendant has done nothing beyond the scope of his duties as officer and the corporation was 'not organized to permit the individual defendant to profit from the infringement or hide his personal liability under a corporate shell' so that the alleged infringement was not willful." *Jones Day v. Blockshopper LLC*, 2008 WL 4925644 at *5 (Nov. 13, 2008).

### A. AWE'S Allegations Against Stuart and Marcia Rubin.

Even assuming the alleged conduct of the corporate defendant Housewaresonly.com is ultimately found to constitute illegal infringement, AWE's First Amended Complaint does not contain sufficient factual allegations to satisfy the "special showing" required by *Dangler* and fails to state a plausible claim of individual liability against Stuart and Marcia Rubin. In the case at bar, AWE in its First Amended Complaint makes the following vague allegations or conclusory assertions against defendants Stuart and Marcia Rubin:

> "7. Defendants Mr. Rubin and Ms. Rubin **direct and control the operations and activities** of RestaurantKitchenWarehouse.com and Housewaresonly.com and **are responsible for the activities of RestaurantKitchenWarehouse.com and Housewaresonly.com complained of herein**…
>
> 16. *Through the Housewaresonly.com website*, Defendants Housewaresonly.com Mr. Rubin and Ms. Rubin have, without the authorization or permission of AWE, copied and duplicated many of the descriptions, product feature listings and other promotional materials created by AWE or on its behalf and that are the subjects of the copyright registrations filed by AWE….
>
> 17. The RestaurantKitchenWarehouse.com website **operated by Defendants Housewaresonly.com, Mr. Rubin and Ms. Rubin** is a website accessible by and available to users throughout the United States including in this District. The RestaurantKitchenWarehouse.com website features and makes available for purchase various restaurant, kitchen and other appliances in direct competition with AWE and its Reliabuy.com site.
>
> 18. **Through the RestaurantKitchenWarehouse.com website**, **Defendants Housewaresonly.com, Mr. Rubin and Ms. Rubin have**, without the authorization or permission of AWE, copied and duplicated many of the

descriptions, product feature listings and other promotional materials created by AWE or on its behalf and that are the subjects of the copyright registrations filed by AWE…

19. Defendants **Mr. Rubin and Ms. Rubin direct and control the operations** of Defendants Housewaresonly.com, and RestaurantKitchenWarehouse.com. In particular, **Mr. Rubin is believed to be the owner and president** of Defendants Housewaresonly.com, and RestaurantKitchenWarehouse.com, while **Ms. Rubin serves at least as the registered agent** for Defendants Housewaresonly.com, and RestaurantKitchenWarehouse.com.

20. Defendant Housewaresonly.com, <u>**is the alter egos**</u> of Defendants Mr. Rubin and Ms. Rubin and is **under the direct control** of Mr. Rubin and Ms. Rubin.

21. Defendants Housewaresonly.com, Mr. Rubin and Ms. Rubin have attempted to capitalize on Reliabuy's long-standing reputation by using Reliabuy's tradename on its website without permission.

25. <u>**Defendant Housewaresonly.com**</u>, **under the direction and control of Defendants Mr. Rubin and Ms. Rubin**, created an additional website on September 22, 2010 called "RestaurantKitchenWarehouse.com." Prior to September, 2010, the Reliabuy.com website focused on general consumer goods. In September, 2010 the Reliabuy.com website was redesigned to focus specifically on the 'Commercial Discount Restaurant Equipment' niche, and the Metatag of the entire Reliabuy.com website was changed from "The Reliable Way to Shop Online" to "Discount Commercial Kitchen & Restaurant Equipment." On September 22, 2010, shortly after AWE made this change to the Reliabuy.com website, Defendants registered a website domain entitled "RestaurantKitchenWarehouse.com" to address the very same Commercial Discount Restaurant Equipment niche and copied over two-hundred product descriptions created and owned by AWE and published at the Reliabuy.com website." (Asher First Amended Complaint)(emphasis added).

B.     **AWE Fails to Plead Facts Establishing Requisite "Special Showing" as to the Individual Defendants Stuart and Marcia Rubin.**

The only concrete factual assertions contained in AWE's allegations regarding the Rubins are that Stuart and Marcia Rubin are alleged officers of Housewaresonly.com and as such generally "direct and control" the operations of the corporate defendant. These allegations do not support an inference that the Rubins individually acted "other than as an officer" of the corporate defendant (that they "willfully and knowingly" participated in

the infringing conduct). In a one-sentence throwaway allegation, without absolutely any factual support, AWE alleges that the corporate defendant Housewaresonly.com is the "alter egos" of defendants Stuart and Marcia Rubin "under the direct control of Mr. and Mrs. Rubin". (First Amended Complaint, ¶20). Such a conclusory allegation must be disregarded. To state a veil-piercing claim, plaintiffs typically are only required to satisfy the notice pleading standards of Rule 8(a). *Flentye v. Kathrein*, 485 F.Supp.2d 903, 913 (N.D.Ill. 2007). If the Complaint "fairly alleges an entity exists as the alter ego of another and provides factual manifestations suggesting the existence that the two operate as a single entity, a motion to dismiss will be denied." *Id.*, *see also Hann v. The Paul Revere Ins. Co.,* No. 03 C 1062, 2004 WL 557380, at *2 (N.D.Ill. Feb.17, 2004) (stating that if a plaintiff alleges an alter ego relationship, "dismissal of her complaint is unwarranted if she alleges any facts which suggest that the corporations operated as a single entity"). In the case at bar AWE's complaint is devoid of even a scintilla of "factual manifestations" supporting an alter ego claim. Thus, in the absence of any factual pleading establishing the requisite "special showing", AWE's claim against the Rubins individually should be dismissed.

    A dismissal of AWE's claim against the Rubins would be in accord with similar cases in this district. The allegations in *DEV Indus., Inc. v. Rockwell Graphic Sys., Inc.*, 1992 WL 100908 (N.D.Ill. May 4, 1992), included statements that the individual defendants were "engaged in a complex and integrated scheme," were "the moving, conscious, and dominant force behind Rockwell's offending conduct," and knew and/or encouraged the allegedly offending conduct. *Id.,* at *3. In dismissing the individual defendants, the court stated that personal liability cannot be imposed upon an individual

6

merely because that person is an officer of the defendant corporation, yet that is precisely what the plaintiff was attempting to do. *Id*. The court further stated that the "verbiage" was "insufficiently indefinite" and "no substitute" for the identification of specific activity. *Id*. The court properly summarized plaintiff's allegations as a "conclusion one might reach after being apprised of the conduct in which an individual has engaged." *Id*. Likewise, in the case at bar, AWE's conclusory "verbiage" lacks any concrete factual allegation to satisfy the "special showing" requirement as set forth in *Dangler*.

In *Jones Day v. Blockshopper LLC*, 2008 WL 4925644 at *5 (Nov. 13, 2008), a publisher of information related to private real estate transactions was alleged to have used a law firm's service mark on its website without the law firm's authorization. The plaintiff law firm also sought to impose infringing liability on the individual officers of the website publisher. The *Jones Day* Court dismissed the plaintiff's infringing claim against the individual defendants finding that:

> "Even assuming the alleged conduct of blockshopper.com is ultimately found to constitute illegal infringement, the Complaint does not contain sufficient allegations to plausibly state a claim of individual liability against Timpone and Weinhaus. There are no allegations that Timpone and Weinhaus organized blockshopper.com for the purpose of committing infringing acts or that they willfully participated, directed or ordered the allegedly infringing acts here. The only facts alleged in the Complaint as to Timpone and Weinhaus are that Timpone and Weinhaus; (1) "co-founded, registered and own the internet website located at the domain blockshopper.com" and (2) are "now members of Defendant Blockshopper LLC" and, together with Blockshopper LLC, "are now doing business as Blockshopper.com and use the Web Site to operate that business." (Complt., ¶¶ 20, 21.) These allegations are clearly insufficient to allege the special showing required to hold an individual officer liable. *See The Drink Group, Inc. v. Gulfstream Communications, Inc.,* 7 F.Supp.2d 1009, 1010-11 (N.D.Ill.1998) (allegations that individual officers were "principal of and "driving force behind" allegedly infringing activities of Defendant Drink Magazine, LLP insufficient to state a claim against officers where plaintiffs failed to allege any facts demonstrating wrongdoing by the individual defendants; the mere fact that officers incorporated the defendant magazine was "innocuous in the absence of allegations that, at the time of incorporation, they were motivated by

7

some improper purpose or acting outside the scope of their corporate duties."). *Jones Day*, at *5.

Cases where dismissals of claims for individual liability for corporate infringing conduct hinge on a lack of any "special showing" of an individual defendant's personal involvement in the wrongful infringing conduct: *Free Green Can, LLC v. Green Recycling Enterprises, LLC,* 2011 WL 5130359, at *6 (Oct. 27, 2011)(facts "do not suggest the type of willful conduct committed outside the scope of the individual Defendants' corporate duties that is *necessary for individual liability for infringement);  Furstperson v. Iscopia Software, Inc.,* 2009 WL 294977, at *4(Sept. 10, 2009)("[w]hile [allegations] detail the alleged personal involvement of Furst and Cline in the alleged wrongdoing, they do not plausibly suggest the type of willful conduct outside the scope of their duties that is necessary for individual liability); *Sprecht v. Google, Inc.*, 2009 WL 2407749, at *4(holding that allegations of personal involvement were not sufficient to state a claim.).

In contrast to the above cited cases, in the cases where a court has found a sufficient "special showing" in the pleadings, the pleadings contained none of the vague language or conclusory allegations found in the above cited cases. In *Syscon, Inc. v. Vehicle Valuations Services, Inc.*, 274 F.Supp.2d 975 (N.D.Ill. 2003), the plaintiff alleged that the officer (i) personally authorized the infringement, (ii) personally directed and authorized the unlawful conduct, (iii) personally profited from the infringement, and (iv) offered for sale the copyrighted product. *Id*., at 976-77. The Court found the allegations sufficient to reveal personal participation and direction in the infringing conduct. *Id.* at 977. In *Peaceable Planet, Inc. v. Ty, Inc*., 185 F.Supp.2d 893 (N.D.Ill.2002), plaintiff alleged that the officer (i) was the founder, president, and CEO and sole shareholder of

8

the corporation, (ii) was responsible for the overseeing of development, marketing and sales of the allegedly infringing product, (iii) personally participated in the design and naming of the product, (iv) directed and approved the final design, (v) approved and authorized the corporation's actions, and (vi) personally promoted, offered for sale and sold the product. *Id* at 896-897. The court found that the plaintiff had sufficiently pled a "special showing" and that "these allegations support the inferences that Warner "personally participates in the manufacture or sale of the infringing article (acts other than as an officer), ... uses the corporation as an instrument to carry out his own willful and deliberate infringements, or ... knowingly uses an irresponsible corporation with the purpose of avoiding personal liability." Id, at 897 (quoting *Dangler,* 11 F.2d at 947). On appeal, the Seventh Circuit held that a corporation's sole owner was "suable" where the plaintiff presented "some evidence that [he] may have been personally involved in the commission of the tort by his corporation stating that:

> "we note the superficial oddity of Peaceable Planet's naming Ty Warner as a defendant along with Ty Inc. He is, it is true, the sole owner of Ty Inc., but **unless a shareholder—sole, controlling, or otherwise—is shown to have been personally involved in the commission of the tort by his corporation**, he is not jointly liable for the tort. However, there is some evidence that Warner may have been personally involved in the decision to use the name Niles on a Ty camel, and if so he may be (we do not say he is—it is an issue for resolution on remand) a joint tortfeasor and therefore suable." ). *Peaceable Planet, Inc. v. Ty, Inc*. 362 F.3d 986, 994 (7th Cir. 2004). (emphasis added).

## CONCLUSION

For all of the above reasons, AWE's First Amended Complaint lacks any concrete allegations supporting the "special showing" required by the Seventh Circuit in Dangler. Thus, AWE's First Amended Complaint should be dismissed as to the individual defendants Stuart and Marcia Rubin for failure to state a claim under Rule 12(b)(6).

        Respectfully submitted,

        ***/s/ Rod Radjenovich***

Rod Radjenovich
Jeffrey Strange & Associates
717 Ridge Road
Wilmette IL 60091
847-256-7377
847-256-1681
jstrangelaw@aol.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ASHER WORLDWIDE ENTERPRISES | ) | |
| LLC, d/b/a, RELIABUY.COM | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 12 cv 00568 |
| | ) | |
| v. | ) | |
| | ) | Judge Dow |
| HOUSEWARESONLY.COM | ) | |
| INCORPORATED, STUART N. RUBIN and | ) | |
| MARCIA RUBIN | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE AND NOTICE OF ELECTRONIC FILING**

The undersigned hereby certifies that a true and correct copy of Defendants Stuart and Marcia Rubin's Motion to Dismiss Plaintiff's First Amended Complaitn for Failure to State a Claim Under Rule 12(b)(6) was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record on February 13, 2013

*/s/ Rod Radjenovich*

Jeffrey Strange & Associates
717 Ridge Road
Wilmette IL 60091
847-256-7377
847-256-1681
jstrangelaw@aol.com